**FILED**
**U.S. District Court**
**District of Kansas**
04/14/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

FREDERICK MARTIN,

                    Petitioner,

          v.                                              CASE NO. 26-3084-JWL

KANSAS DEPARTMENT
OF CORRECTIONS,

                    Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Frederick Martin. Petitioner has paid the filing fee in full. For the reasons set forth below, this matter must be dismissed for lack of jurisdiction.

### Background

In 1986, a jury in Wyandotte County, Kansas convicted Petitioner of first-degree felony murder, aggravated kidnapping, and unlawful possession of a gun. (Doc. 1, p. 1-2.) The state district court sentenced him to two consecutive life sentences and a concurrent sentence of 3 to 10 years in prison. *Id.* at 1. The following year, the Kansas Supreme Court affirmed Petitioner's convictions and sentences. *State v. Martin*, 241 Kan. 732 (1987). Since that time, Petitioner has made several unsuccessful attempts in state court to overturn his convictions and sentences. *See, e.g., State v. Martin*, 306 Kan. 86 (2017) (affirming summary denial of a motion to correct illegal sentence); *State v. Martin*, 294 Kan. 638 (2012) (same); *Martin v. State*, 2004 WL 2848881 (Kan. Ct. App. Dec. 10, 2004) (unpublished) (same), *rev. denied* May 4, 2005; *Martin v. State*, 1998 WL 36036216 (Kan. Ct. App. May 1, 1998) (unpublished) (affirming denial of K.S.A. 60-1507

1

motion), *rev. denied* June 9, 1998.

Petitioner also has sought federal habeas relief in this Court. He filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this Court September 1987. *See Martin v. McKune, et al.*, 41 F.3d 1516 (10th Cir. 1994) (unpublished). The petition was assigned case number 87-cv-3273-SAC and will be referred to in this order as "the first federal habeas case." The first federal habeas case was dismissed without prejudice because Petitioner had failed to exhaust state remedies, but Petitioner appealed and the Tenth Circuit reversed and remanded for consideration of the merits of Petitioner's claims. *Id.*

While the first federal habeas case was pending on remand, Petitioner filed in this Court a second § 2254 petition. *See Martin v. McKune, et al.*, 986 F.2d 1428 (10th Cir. Feb. 24, 1993) (unpublished). In January 1991, this Court issued an order addressing the merits of the claims raised in the first federal habeas case and denying relief. *Id.* Petitioner appealed, and the Tenth Circuit affirmed the denial. *See Martin v. Roberts*, 968 F.2d 20 (10th Cir.1992) (unpublished), *cert. denied* 113 S. Ct. 340 (1992). Shortly thereafter, this Court dismissed Petitioner's second § 2254 petition as an abuse of the writ, a dismissal the Tenth Circuit affirmed on appeal. *Martin*, 986 F.2d at 1428. In March 1994, Petitioner filed a third § 2254 petition in this Court, which was dismissed with prejudice because it was successive. *See Martin*, 41 F.3d at 1516. In October 1994, the Tenth Circuit affirmed the dismissal. *Id.*

In October 2003, Petitioner began filing motions in the long-closed first federal habeas case. *See Martin v. Roberts*, Case No. 87-cv-3273-SAC, Doc. 76. In mid-2005, Petitioner filed a petition in the Tenth Circuit seeking authorization to bring a second or successive § 2254 petition. *Martin v. Roberts*, Case No. 05-3202 (10th Circuit). The Tenth Circuit denied the petition and ultimately sanctioned Petitioner $250.00 for filing repetitive motions for authorization. *See id.*

2

Similarly, in November 2005, this Court imposed filing restrictions on Petitioner in the first federal habeas case, ordering him to obtain permission before filing additional motions in that case. *See Martin v. Roberts*, 2011 WL 3880898, *1 (D. Kan. Aug. 31, 2011) (unpublished). Despite this order, in 2007, Petitioner filed multiple motions in the first federal habeas case, which this Court denied, reminding him "that he must seek leave of the court before filing any additional pleadings." *Id.* Petitioner continued to file motions, which were denied, and eventually he filed a notice of appeal. *Id.* In August 2008, the Tenth Circuit dismissed the appeal because Petitioner had not paid the sanction assessed in 2005. *Id.*

In 2011, Petitioner resumed filing motions in the first federal habeas case. *See Martin v. Roberts*, 2013 WL 5797597, *1 (D. Kan. Oct. 28, 2013) (unpublished). In an order issued October 28, 2013, Senior District Judge Sam A. Crow ordered that Petitioner was "prohibited from filing any further motions or pleadings in this case" and "the only document that may be filed" by Petitioner in the case was a timely objection to the prohibition. *Id.* at *2. Judge Crow stated:

> In the future, any allegation that is a challenge to Mr. Martin's 1986 convictions or sentences may only be raised by his submission of a new, complete application for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 that is presented upon court-approved forms. The new petition must be accompanied by the filing fee of $5.00 or a properly-supported motion to proceed in forma pauperis that is also upon court-approved forms. Furthermore, in accord with 28 U.S.C. § 2244(b)(3), before a new § 2254 petition may be filed by Mr. Martin in this court, he must have sought and obtained preauthorization to file a successive habeas application from the Tenth Circuit Court of Appeals. If he fails to obtain such preauthorization, this court is without jurisdiction to consider his successive application, and the matter must be dismissed.

*Id.*

In March 2015, Petitioner filed another unauthorized successive § 2254 petition in this Court. *See Martin v. Pryor, et al.*, Case No. 15-cv-3061-SAC-DJW. The following January, Judge Crow dismissed the petition for lack of jurisdiction, finding it was "another in a string of successive

3

habeas corpus applications, which are circumscribed by 28 U.S.C. § 2244(a)-(b)." *Id.* at Doc. 8, p. 1 and 4.

On April 13, 2026, Petitioner filed in this Court yet another § 2254 petition challenging his 1986 convictions and sentences. (Doc. 1.) As the sole ground for relief, he asserts that his sentences violate the constitutional prohibition of double jeopardy. *Id.* at 5, 16. Although Petitioner acknowledges his first federal habeas case, *see id.* at 12, he does not acknowledge the additional federal habeas petitions he has filed or the need for Tenth Circuit authorization to bring a second or successive § 2254 petition action in this Court. As relief, he asks that this Court vacate his sentences, grant him a new trial, or order his release from custody. *Id.* at 15.

As Judge Crow explained to Petitioner in October 2013, this Court lacks jurisdiction to consider a § 2254 petition aimed at Petitioner's 1986 convictions unless the Tenth Circuit first authorizes Petitioner to file that petition. Petitioner's first petition for writ of habeas corpus under § 2254 was denied on the merits in January 1991, a dismissal affirmed by the Tenth Circuit. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication that Petitioner has obtained from the Tenth Circuit the required preauthorization to file a "second or successive" petition.

When faced with an unauthorized second or successive § 2254 petition, the Court must dismiss it for lack of jurisdiction or, if it is in the interest of justice, transfer it to the Tenth Circuit for possible authorization to proceed. The Court concludes that transfer of this matter would not serve the interest of justice, so it will dismiss this matter. If Petitioner wishes, he may

independently apply directly to the Tenth Circuit for authorization to proceed in a second or successive § 2254 petition.

### Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for lack of jurisdiction because this is an unauthorized second or successive petition. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 14th day of April, 2026 at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

5